UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Tim Mackey and John Nesse as Trustees of the Minnesota Laborers Health and Welfare Fund, Tim Mackey and Daniel Shoemaker as Trustees of the Minnesota Laborers Pension Fund, Tim Mackey and Jesse Roush as Trustees of the Minnesota Laborers Vacation Fund, Fred Chase and Joe Fowler as Trustees of the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, Mike Bubalo and Rick Peper, as Trustees of the Minnesota Laborers Employers Cooperation and Education Trust, the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust, | File No. 19-cv-2847 (ECT/HB)  <br><br>**ORDER** |

      Plaintiffs,

v.

Archithority United L.L.C.,

      Defendant.

_____

Amy L. Court, Carl S. Wosmeck, and Christy E. Lawrie, McGrann Shea Carnival Straughn & Lamb, Chtd., Minneapolis, MN, for Plaintiffs.

_____

      Plaintiffs have moved for the entry of default judgment. ECF No. 19. Plaintiffs first moved for default judgment on January 24, 2020, ECF No. 9, but then withdrew that

motion on February 24, ECF No. 16.  Plaintiffs' withdrawal of their first default-judgment motion occurred five days after Defendant Archithority L.L.C.'s "manager," Elena Kotowski, filed a pleading entitled "Motion to Set Aside Judgment."  ECF No. 17.  In that pleading, Kotowski requested a meeting with Plaintiffs' counsel and wrote that "the [D]efendant is of the opinion that an agreement will be reached, and stipulation can be agreed to."  *Id.*  Plaintiffs renewed their motion for default judgment on March 26.  ECF No. 19.  A hearing on Plaintiffs' motion originally was scheduled for May 26, ECF No. 20, but was then rescheduled and occurred on July 13, ECF Nos. 27, 31.  The summons and complaint were served on Defendant.  ECF No. 4.  Defendant has failed to plead or otherwise defend.[1]  The Clerk entered Defendant's default on January 2, 2020.  ECF No. 8.  Plaintiffs' entitlement to the relief sought is sufficiently documented in Plaintiffs' moving papers.  *See* ECF Nos. 21, 22, and 23.  Plaintiffs do not seek fees or costs associated with the July 13 hearing.

---

[1]    It is true that Kotowski filed a motion to set aside judgment and appeared at the July 13 hearing.  But neither the motion nor Kotowski's appearance at the hearing qualify as an appearance by Defendant because "the law does not allow a corporation to proceed *pro se*."  *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (citing 28 U.S.C. § 1654; *United States v. Van Stelton*, 988 F.2d 70, 70 (8th Cir. 1993) (per curiam); *see also Supreme Pro Clean LLC v. Lowry*, No. 16-cv-5117-JLV, 2017 WL 3209450, at **1–2 (D.S.D. Feb. 14, 2017).  The motion to set aside judgment, ECF No. 17, will be denied for this reason.

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Plaintiffs' motion for entry of judgment [ECF No. 19] is **GRANTED**;

2. Defendant is liable to Plaintiffs in the total amount of $12,536.56, which amount includes $7,907.26 in delinquent fringe-benefit contributions for the period of March 1, 2019, through September 30, 2019; $790.73 in liquidated damages; $580.67 in interest; $2,770.00 in attorneys' fees; and $487.90 in costs.

3. The motion to set aside judgment [ECF No. 17] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 13, 2020         s/ Eric C. Tostrud
                             Eric C. Tostrud
                             United States District Court